IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MARYANN COTTRELL and RICHARD G. HOLLAND, | : | HON. JEROME B. SIMANDLE |
|  | : | Civil No. 09-1987 (JBS/JS) |
| Plaintiffs, | : |  |
|  | : |  |
| v. | : | **OPINION** |
|  | : |  |
| BOBS LITTLE SPORT SHOP, INC., et al., | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

APPEARANCES:

Ms. Maryann Cottrell
Mr. Richard G. Holland
31 South Academy Street
Glassboro, NJ 08028
    Plaintiffs appearing pro se

Robert J. Hagerty, Esq.
CAPEHART & SCATCHARD, PA
Laurel Corporate Center
8000 Midlantic Drive - Suite 300
CS 5016
Mount Laurel, NJ 08054
    Counsel for Defendants Bob's Little Sport Shop, Inc., Robert
    Viden, Robert Viden Jr., and Gail Viden

**SIMANDLE**, District Judge:

    This matter is before the Court on a motion to dismiss by

Defendants Bob's Little Sport Shop, Inc., Robert Viden, Robert

Viden Jr., and Gail Viden (collectively, "Defendants") for lack

of standing [Docket Item 7].  The substantive portion of

Defendants' motion is a multi-paragraph quote from Cottrell v.

Zagami, LLC, No. 08-3340, 2009 WL 1416044 (D.N.J. May 20, 2009),

in which Judge Irenas dismissed without prejudice a similar suit

by pro se Plaintiffs Maryann Cottrell and Richard Holland on the

grounds that they had not sufficiently alleged standing under

Article III.  Defendants urge the Court to dismiss with prejudice

Plaintiffs' entire action for lack of standing.  For the reasons

to be discussed below, the Court will dismiss without prejudice

Plaintiffs' discrimination and retaliation claims under the

Americans with Disabilities Act ("ADA"), as well as Plaintiffs'

claims of retaliation under the New Jersey Law Against

Discrimination ("NJLAD"), for lack of standing.[1]

## I.   BACKGROUND

Plaintiffs Cottrell and Holland allege that they are

longstanding advocates for the disabled and that as part of their

advocacy they document handicap access to places of public

accommodation.[2]  (Compl. ¶¶ 13-14.)  When a business fails to

_____

[1] In addition, the Court will dismiss Plaintiffs' claims,
whatever they may be, under the New Jersey Civil Rights Act
("NJCRA").  Plaintiffs assert this claim, with virtually no
details, as the final paragraph to their complaint.  (Compl. ¶
39.)  They do not allege, however, that any of the defendants are
state actors, and such a failure is fatal to any potential NJCRA
claim.  See N.J. Stat. Ann. § 10:6-2(c); Wilson v. County of
Gloucester, 256 F.R.D. 479, 488 n.13 (D.N.J. 2009) ("Under both §
1983 and the New Jersey Civil Rights Act, plaintiffs must also
prove that Defendants are state actors.").  If Plaintiffs have
personal knowledge of facts which might establish that Defendants
are state actors, they may move to amend their complaint to
include such facts as part of an NJCRA claim against the state
actor Defendants.

[2] Cottrell's daughter is severely disabled and as a result
Cottrell is permitted to park in parking spaces reserved for the
handicapped.  (Id. ¶¶ 11-12.)

2

maintain handicap accessible parking or fails to regulate access to handicap parking, Cottrell informs the appropriate authorities and files "citizen's complaints."  (Id. ¶¶ 15-16.)

Defendant Bob's Little Sport Shop, a sporting goods store owned and run by Defendants Robert Viden, Robert Viden Jr., and Gail Viden, has a parking spot reserved for people with disabilities.  (Id. ¶¶ 18-19.)  On several occasions, Plaintiffs observed unauthorized vehicles blocking the handicap spot and filed citizen complaints.  (Id. ¶¶ 20-25.)  On May 6, 2006, Plaintiffs observed Robert Viden's sister parking in a designated handicap parking space without authorization and Cottrell filed a complaint against the sister which led to a guilty finding.  (Id. ¶ 20.)  On March 15, 2007, Plaintiffs similarly documented a UPS delivery truck blocking the handicap spot and Cottrell filed a successful citizen's complaint.  (Id. ¶ 21.)  On that same day, Plaintiffs apparently observed another UPS delivery truck blocking the handicap spot and employees from Bob's Little Sport Shop helping to unload the truck.  (Id. ¶ 22.)  As Plaintiffs were documenting this new alleged violation, Defendant Robert Viden came out of the store and ordered Plaintiffs off the property, striking Plaintiff Holland with his hand.  (Id.)

On April 24, 2007, both Cottrell and Holland received a "ban letter" from Bob's Little Sport Shop.  (Id. ¶ 23.)  Nevertheless, Plaintiffs continued to record two more alleged parking

3

violations by UPS delivery trucks.  (Id. ¶¶ 24-25.)

On April 24, 2009, Plaintiffs brought the present action, alleging retaliation and discrimination under the ADA (Counts I, II, and IV) and retaliation under NJLAD (Counts III and IV).  In addition, in the final paragraph of their complaint, Plaintiffs assert that Defendants also violated the New Jersey Civil Rights Act (Count IV).

On July 22, 2009, Defendants filed the instant motion to dismiss adopting wholesale the Zagami opinion.  In the quoted portion, Judge Irenas dismissed similar claims brought by the same Plaintiffs for failure to allege a real and immediate threat of injury necessary to establish standing for the purposes of prospective relief under the ADA.  2009 WL 1416044, at *3. Plaintiffs submitted what they titled "Plaintiff's motion to answer Defendant's motion to dismiss," but what is, in fact, simply their opposition.  Defendants submitted a reply, making the motion ripe for decision.

## II.  DISCUSSION

### A.   Standard of Review

Defendants present their motion as one pursuant to Rule 12(b)(6), Fed. R. Civ. P.  It is evident, however, from the substance of their motion, which consists entirely of a lengthy quote from an opinion dismissing a similar claim for lack of standing, that Defendants are instead asserting lack of subject

matter jurisdiction pursuant to Rule 12(b)(1).  See Ballentine v.
United States, 486 F.3d 806, 810 (3d Cir. 2007) ("A motion to
dismiss for want of standing is also properly brought pursuant to
Rule 12(b)(1), because standing is a jurisdictional matter.")  An
attack on subject matter jurisdiction can be either facial --
based solely on the allegations in the complaint -- or factual --
looking beyond the allegations to attack jurisdiction in fact.
Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d
Cir. 1977).  Where, as here, the challenge to subject matter
jurisdiction is facial, the Court must, for the purposes of this
motion, take all the allegations in the complaint to be true and
construe them in the light most favorable to the Plaintiffs.  Id.

**B.   Standing**

Federal courts are courts of limited jurisdiction and may
only consider those actions that meet the case-or-controversy
requirements of Article III.  Essential to Article III
jurisdiction is the doctrine of standing.  Friends of the Earth,
Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167,
180 (2000).  To meet the minimal constitutional mandate for
Article III standing Plaintiffs must show (1) an "injury in
fact," (2) "a causal connection between the injury and the
conduct complained of," and (3) that the injury will "likely" be
"redressed by a favorable decision."  Lujan v. Defenders of
Wildlife, 504 U.S. 555, 560-61 (1992).  An "injury in fact" is

defined as "an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical." Lujan, 504 U.S. at 560.

    1.    Discrimination under the ADA

    In Count II of their complaint, Plaintiffs allege "discrimination by violation of the American[s] with Disabilities Act."  It appears, however, that this count is merely a reassertion of Plaintiffs' claim of retaliation under the ADA, because the only harm Plaintiffs allege in Count II is Defendants' conduct in banning Plaintiffs from their business. (Compl. ¶ 31.)  To the extent that Plaintiffs seek to assert an independent claim of discrimination based on disability under the ADA, they have failed to sufficiently allege an injury in fact.

    Plaintiffs have alleged that Defendants discriminated against the disabled by failing to provide handicap-accessible parking through Defendants' failure to ensure that those spots remain available solely for the disabled.  Plaintiffs have not alleged, however, that they were injured by Defendants' alleged discrimination.  They have not alleged that they themselves are handicapped or even that they were unable to park in a handicap parking spot while driving with Cottrell's disabled daughter.  It is not enough that other disabled individuals suffered a deprivation; in order to have standing to assert a claim of discrimination under the ADA, Plaintiffs must allege injury to

themselves.  See Pennsylvania Psychiatric Soc. v. Green Spring Health Services, Inc., 280 F.3d 278, 288 (3d Cir. 2002) ("It is a well-established tenet of standing that a 'litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties.'") (quoting Powers v. Ohio, 499 U.S. 400, 410 (1991).  In the absence of the "irreducible constitutional minimum" of injury in fact, Plaintiffs lack standing to pursue their discrimination claim under the ADA.  See Lujan, 504 U.S. at 560-61.  If in fact Plaintiffs suffered an injury as a consequence of Defendants' alleged discriminatory conduct against the disabled, or if Plaintiff Cottrell asserts, as Guardian ad Litem for her minor child, that the child's ADA rights have been violated, then they may move, within thirty (30) days, to amend their complaint to include those allegations.  See Fed. R. Civ. P. 15(a) ("The court should freely give leave [to amend] when justice so requires.").[3]  Whether such an amendment would be futile will be decided at that time.

## 2.   Retaliation under the ADA and NJLAD

Plaintiffs similarly have failed to allege any injury as a consequence of being asked to leave the property of Bob's Little Sport Shop or of the ban from reentry.  Asserting that Defendants

_____

[3] Any motion by Plaintiffs for leave to file an amended complaint must attach a copy of the proposed amendment.  L. Civ. R. 7.1(f).

7

violated the ADA's anti-retaliation provision is not enough.  See

Doe v. Nat'l Bd. of Med. Exam'rs, 199 F.3d 146, 153 (3d Cir.

1999) ("The proper analysis of standing focuses on whether the

plaintiff suffered an actual injury, not on whether a statute was

violated.").  As alleged, Plaintiffs only use of the Shop was to

monitor access to handicap spots -- an activity that Plaintiffs

were able to continue despite the ban.  (Compl. ¶¶ 24-25.)  While

Plaintiffs argue in their opposition that Holland "has been a

customer of defendants" and that Cottrell "has made purchase

inquiries," presumably suggesting that they have been deprived of

these business opportunities by Defendants, those assertions are

not included in the complaint and cannot be considered for the

purposes of this motion.  In the absence of any concrete injury,

Plaintiffs lack standing to assert their retaliation claims under

either the ADA or NJLAD.

Moreover, Plaintiffs have failed to allege the real and

immediate threat of future harm necessary for standing for

prospective relief -- the only relief available for Plaintiffs'

retaliation claims against Defendants as a public accommodation

under the ADA.[4]  See 42 U.S.C. §§ 12203(c), 12188; Cottrell v.

---

[4] The ADA provision governing retaliation, 42 U.S.C. §
12203, limits relief for claims based on public accommodation to
the relief provided for in § 12188. 42 U.S.C. § 12203(c) ("The
remedies and procedures available under sections 12117, 12133,
and 12188 of this title shall be available to aggrieved persons
for violations of subsections (a) and (b) of this section, with
respect to subchapter I [employment], subchapter II [public

Zagami, LLC, No. 08-3340, 2009 WL 1416044, at *3 n.1 (D.N.J. May

20, 2009); Rothman v. City of Chicago, No. 02 C 3533, 2004 WL

2271851, at *2 (N.D. Ill. Oct. 6, 2004) ("[A] plaintiff alleging

retaliation based on public accommodation discrimination may seek

only injunctive relief under the ADA.").  For the purposes of

prospective relief, even had Plaintiffs sufficiently alleged a

past injury, they would still be required to "establish a real

and immediate threat" that they would suffer a future injury.

Brown v. Fauver, 819 F.2d 395, 400 (1987) (quoting City of Los

Angeles v. Lyons, 461 U.S. 95, 105 (1983)).  As the Zagami court

recognized, when dismissing a similar complaint filed by

Plaintiffs, neither Cottrell nor Holland have alleged concrete

plans to return to Bob's Little Sport Shop, so there is no real

and immediate threat that they will be prevented entry to the

store or otherwise harmed by Defendants' allegedly retaliatory

conduct in the future.  See Zagami, 2009 WL 1416044, at *3.

Without this real and immediate threat, Plaintiffs have failed to

allege sufficient facts to establish standing to assert their

retaliation claim under the ADA.

     In light of the above analysis, the Court will grant

_____

service] and subchapter III [public accommodation] of this
chapter, respectively.").  Section 12188, in turn, limits relief
sought by private parties to prospective injunctive relief.  42
U.S.C. § 12188(a).
     By contrast, NJLAD has no such limitations on relief.  N.J.
Stat. Ann. § 10:5-13.

Defendants' motion to dismiss Plaintiffs' retaliation claims under the ADA and NJLAD without prejudice.  Plaintiffs may move to amend their complaint to assert sufficient facts to meet the requirements of standing.

## III. CONCLUSION

For the foregoing reasons, the Court will dismiss without prejudice Plaintiffs' claims under the ADA and NJLAD for lack of standing and, to the extent that Plaintiffs attempt to assert a claim under the New Jersey Civil Rights Act, the Court will dismiss without prejudice such an allegation for failure to state a claim.  Any motion by Plaintiffs to file an amended complaint, consistent with this Opinion, must be filed within thirty (30) days of the entry of the accompanying Order.

The accompanying Order shall be entered.


**March 11, 2010**                          **s/ Jerome B. Simandle**
Date                                        JEROME B. SIMANDLE
                                            United States District Judge